UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE L. EDMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-00583-SGC |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Diane L. Edmond, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits.  Ms. Edmond timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C § 636(c).  (Doc. 12).  For the reasons that follow, the Commissioner's decision is due to be reversed and remanded.

**I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Ms. Edmond was fifty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education.  (*See* R. 22).  Her

past work includes employment as a fast-food cook and fast-food services assistant manager. (R. 22). Ms. Edmond claims she became disabled on February 3, 2012, due to arthritis in her back, a bulging disc, and fibromyalgia. (R. 13, 170).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Ms. Edmond had not engaged in SGA since the alleged onset of her disability. (R. 15). At step two, the ALJ found Ms. Edmond suffered from the following severe impairments: musculoskeletal impairments of the cervical and lumbar spine, fibromyalgia, and obesity. (R. 15). The ALJ further found Ms. Edmond had a history of minimal mental health treatment for depression but concluded the impairment was not severe because it did not significantly limit her ability to work. (R. 16).

At step three, the ALJ found Ms. Edmond did not have an impairment or combination of impairments meeting or medically equaling any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16-17). Before proceeding to step four, the ALJ determined Ms. Edmond had the RFC to perform medium work as defined in 20 C.F.R. §404.1567(c) with the following limitations: (1) she could only occasionally climb ladders, ropes, or scaffolds; (2) she could frequently climb ramps or stairs; (3) she could occasionally stoop or crouch; (4) she could frequently kneel, crawl, or balance; and (5) and she should avoid concentrated exposure to unprotected heights and operational control of moving machinery and dangerous moving and unguarded machinery. (R. 17-22). The ALJ concluded that, while Ms. Edmond's medically determinable impairments could be expected to cause some of the symptoms alleged, her testimony concerning the intensity, persistence, and effects of the symptoms was not entirely credible. (R. 18).

At step four, the ALJ determined Ms. Edmond was able to perform her past relevant work in the fast-food industry. (R. 22). These jobs were classified or performed at the medium exertional level. (R. 22). In the alternative, the ALJ concluded Ms. Edmond was capable of performing other readily available jobs at the medium exertional level. (R. 22-23). The ALJ concluded his findings by

stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from February 3, 2012, through the date of this decision." (R. 23).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar.*

*Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.  DISCUSSION

Ms. Edmond argues the ALJ's RFC is not supported by substantial evidence, and she contends no medical evidence supports the conclusion that she is capable of performing work at the medium exertional level.  This contention focuses on alleged inconsistencies between the RFC and several medical opinions: (1) the non-examining physician's assessment completed by Dr. Marcus Whitman; (2) the Physical Work Performance Evaluation Summary ("PWPES") completed by Laura Patton, PT, DPT; and (3) the opinion of Dr. James Coffey, Ms. Edmond's treating physician.  Each of these opinions concluded that Ms. Edmond's ability to perform work was more limited than the RFC ultimately assigned by the ALJ.  As

explained in more detail below, the ALJ did not err in disregarding the opinions of Dr. Coffey and Laura Patton. However, the ALJ's treatment of Dr. Whitman's opinion and the lack of medical evidence supporting the ALJ's RFC determination require remand for further proceedings. Each medical opinion is addressed in turn.

### A. Dr. James Coffey's Opinion

The opinion of a claimant's treating physician must be accorded considerable weight by the Commissioner unless good cause is shown to the contrary. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir.1997). The reasons for giving little weight to the opinion of a treating physician must be supported by substantial evidence. *Marbury v. Sullivan,* 957 F.2d 837, 841 (11th Cir.1992). The Eleventh Circuit has found good cause to afford less weight to the opinion of a treating physician "when the: (1) treating physician's opinion is not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004). The ALJ must clearly articulate the reasons for rejecting the treating physician's opinion. *Id.* at 1241.

Moreover, while physicians' opinions about a claimant's abilities and restrictions constitute relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20

C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-5p.  Opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d); *see Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986).  The court considers a doctor's evaluations of a plaintiff's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative of the claimant's RFC.  *See, e.g.*, 20 C.F.R. § 404.1546(c).

On November 29, 2012, Dr. Coffey completed a check-the-box form indicating that, due to fibromyalgia, degenerative joint disease, and depression, Ms. Edmond was be unable to work.  (R. 532).   Based on the authority discussed above, Dr. Coffey's conclusory opinion is not determinative of Ms. Edmond's RFC.  Accordingly, the ALJ did not err in assigning little weight to Dr. Coffey's opinion that Ms. Edmond was unable to work.

### B.     Laura Patton's Opinion

Next, Ms. Edmond contends the ALJ improperly rejected the opinion of Laura Patton, who completed a PWPES on March 5, 2012.  The PWPES evaluated

Ms. Edmond's abilities based on her performance of fourteen tasks. Patton opined Ms. Edmond was capable of performing work at the sedentary level but concluded that, due to decreased endurance, Ms. Edmond could not sustain sedentary work for an entire eight-hour day. (R. 348). Patton further noted that Ms. Edmond self-limited on three of the fourteen tasks assigned. (*Id.*). The PWPES notes that, where a claimant self-limits on less than twenty percent of the tasks, participation is considered "good." (*Id.*).

Here, because Ms. Edmond self-limited on twenty-one percent (21%) of the tasks associated with the PWPES, the ALJ found "her participation in the testing could not be characterized as good." (R. 20). The ALJ apparently rejected the opinion on that basis. (R. 20). Plaintiff contends the ALJ's rejection of Patton's PWPES was improper. (Doc. 13 at 7-8). The parties do not point to any controlling law regarding an ALJ's disregard of an opinion based on self-limited participation in a PWPES; the undersigned has located scant authority on point. However, at least one extra-circuit district court has found that an ALJ's disregard of such an opinion for less than good participation does not warrant reversal. *See Wagoner v. Astrue*, No. 11-0239, 2012 WL 947055 at *5, *11-12 (N.D. Oh. *entered* Feb. 17, 2012) *report and recommendation adopted by* 2012 WL 947031 (N.D. Oh Mar. 20, 2012). Accordingly, Patton's opinion is not grounds for reversal.

### C.     Dr. Whitman's Opinion

In September 2012, Dr. Whitman, a state agency medical consultant, completed a non-examining physician's assessment. (R. 64-66). Based on his review, Dr. Whitman opined Ms. Edmond could: occasionally life twenty pounds; frequently lift ten pounds; stand and/or walk for six hours during an eight hour work day; and sit for six hours during an eight hour work day. Dr. Whitman further opined Ms. Edmond was limited to: occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; and never climbing ladders, ropes, or scaffolds. (R. 64-65). Dr. Whitman also opined that Ms. Edmond should limit her exposure to extreme cold, moisture, and humidity, and avoid all exposure to hazards. (R. 65-66). Accordingly, Dr. Whitman's opinion imposed greater restrictions on Ms. Edmond than those reflected in the ALJ's RFC.

The ALJ referred to Dr. Whitman's report, noting it was "consistent with the record," and stating that the opinion was "given weight." (R. 22).[1] As Ms. Edmond notes, it is unclear: (1) how much weight the ALJ afforded Dr. Whitman's opinion; and (2) how Dr. Whitman's opinion was consistent with the record where the ALJ noted that it imposed limitations on Ms. Edmond which were greater than those reflected in the RFC. (*See id.*; Doc. 13 at 5). The Commissioner contends

---

[1] The ALJ did not refer to Dr. Whitman by name but did cite the exhibit containing Dr. Whitman's opinion, stating it was "consistent with the record." (R. 22).

the ALJ afforded "some weight" to Dr. Whitman's opinion but the "decision le[ft] out an adjective in describing the amount of weight assigned."  (Doc. 14 at 7). However, inferring the amount of weight the ALJ assigned to Dr. Whitman's opinion runs afoul of the Eleventh Circuit's requirement that an "ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so."  *Forrester v. Commissioner*, 455 F. App'x 899, 902 (11th Cir. 2012) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

The lack of clarity regarding the weight assigned to Dr. Whitman's opinion is particularly problematic here because all of the medical opinions in the record impose greater limitations than the ALJ's RFC determination.  Indeed, Dr. Whitman's assessment of Ms. Edmond's abilities was the least restrictive medical opinion in the record.  Accordingly, because all of the medical opinions agreed that Ms. Edmond was more limited than the ALJ's RFC, this is not a case in which a non-examining physician's opinion is entitled to little weight.  *See Sharfarz v. Bowen*, 825 F.2d at 280.  Moreover, at step five, all of the jobs the ALJ concluded Ms. Edmond could do were performed at the medium exertional level.  (R. 22-23). Accordingly, the uncertainty regarding the weight given to Dr. Whitman's opinion—which is compounded by the lack of any medical opinions supporting the ALJ's RFC determination—requires remand to the Commissioner.

## IV. CONCLUSION

For all of the foregoing reasons, the court finds the Commissioner's decision is not supported by substantial evidence and is not in accord with applicable law. Accordingly, this case is due to be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

**DONE** this 12th day of September, 2016.

*[signature]*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE